Alice E. Bradford v. Commissioner.
Bradford v. Commissioner
Docket No. 4110-63.
United States Tax Court
T.C. Memo 1964-196; 1964 Tax Ct. Memo LEXIS 142; 23 T.C.M. (CCH) 1191; T.C.M. (RIA) 64196; July 17, 1964
Alice E. Bradford, pro se 332 East 67th St., New York, N. Y. Paul H. Frankel, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency of $237.13 in petitioner's income tax for the year 1961 by disallowing claimed itemized deductions totaling $1,528.66 and substituting therefore the standard deduction amounting to $605.61. The claimed itemized deductions were contributions totaling $1,211.20, sales taxes of $180 and state income taxes of $137.46. Respondent has now conceded that state income taxes were paid in the amount claimed but contends that the standard deduction still exceeds the total *143 of allowable itemized deductions so that the determined deficiency should be upheld. Petitioner is an individual who lived in New York City during 1961 and filed her income tax return for such year with the district director of internal revenue, Manhattan District, New York. On such return she showed gross salary of $6,056.09 and in her petition she indicated that her claimed contributions to religious organizations were only 20 percent of that amount even though the law allowed up to 30 percent. At the time of the trial she testified, "They allow up to thirty percent, and I took twenty percent, which I thought was a just figure." Petitioner stated that she made all of her contributions in cash, "into the basket" and kept no records of any kind. She stated that she attended between three and five masses each week day at St. Vincent Ferrer's in New York contributing 50 cents to $1 on each such occasion and tried to give $10 each Sunday when she went there to mass. She testified further that she also attended the Community Church (non-Catholic) in New York almost every Sunday and contributed $10 in cash there. Petitioner stated that she was familiar with St. Vincent's "envelope" *144 method of record keeping, but had not used it because she was also going to the non-Catholic church. Petitioner's testimony was entirely uncorroborated. These claimed charitable deductions under section 170(a)(1) of the Internal Revenue Code of 1954 present a purely factual issue with the burden of proof on petitioner. Her testimony was largely unsatisfactory and we believe from all the evidence of record that her returned deduction of $1,211.20 was simply an arbitrary 20 percent of her gross salary. In fact she so testified. We believe that petitioner did make some cash contributions to these churches during the year however, and weighing against her because the inadequate record is her responsibility, we allow $425. During the year in issue New York City imposed a 3 percent sales tax on some, but not all, retail purchases by consumers. Petitioner testified that she kept "a record" for about 2 months and became satisfied that she was paying more than 3 cents on each dollar she spent because of the local retailer custom of charging the customer no tax on purchases up to 17 cents, 1 cent on purchases between 17 cents and 34 cents, 2 cents on purchases *145 between 34 cents and 51 cents and 3 cents on purchases between 51 cents and $1. (Such "record" was neither exhibited nor introduced.) Petitioner stated that for this reason she felt that the $180 which she claimed (approximately 3 percent of her total gross salary) was a just amount. The fallacies of petitioner's position are obvious. Her net, spendable salary after withholding, state income taxes and the charitable deductions we have allowed was only about $4,500, and in the absence of any proof, we must assume that a large portion of even this amount was spent for nontaxable items. Again weighing against petitioner, we allow her a sales tax deduction of $67.50. Since the total of petitioner's allowable deductions are slightly in excess of the standard deduction which respondent has allowed Decision will be entered under Rule 50.